IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MEGAN E. M.,

        Plaintiff,

  v.                                     Civil Action No.
                                              5:24-CV-335 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF

COLLINS, HASSELER &              LAWRENCE D. HASSELER, ESQ.
SIMSER LAW, PLLC
222  State Street
Carthage, NY 13619

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          VERNON NORWOOD, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

                                          ORDER

     Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on April 24, 2025, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that the plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

    3)    The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

                                                              _____
                                                              David E. Peebles
                                                              U.S. Magistrate Judge

Dated:     May 5, 2025
             Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MEGAN M.,
                                          Plaintiff,

-v-                                       5:24-CV-335

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
------------------------------------------------------------x
```

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
April 24, 2025
100 South Clinton Street, Syracuse, NY 13261


For the Plaintiff:

    COLLINS & HASSELER, PLLC
    225 State Street
    Carthage, New York 13619
    BY:  **LAWRENCE D. HASSELER, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY:  **VERNON NORWOOD, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1                (The Court and all parties present by telephone.
2    Time noted:  1:20 p.m.)
3                THE COURT:  I have before me a challenge to a
4    determination by the Acting Commissioner of Social Security
5    finding that the plaintiff was not disabled at the relevant
6    times and therefore ineligible for the benefits which she
7    sought.  The challenge is brought pursuant to 42, United States
8    Code, Sections 405(g) and 1383(c)(3).
9                Before I address the merits, I wanted to broach the
10   subject of consent.  When this case was originally filed, it was
11   assigned to Magistrate Judge Daniel J. Stewart and the consent
12   form that was signed on behalf of the plaintiff on March 11,
13   2024, and filed at Docket No. 4 specifically consents to the
14   jurisdiction of Judge Stewart.
15               Attorney Hasseler, do you consent to my jurisdiction
16   to hear and determine this case?
17               MR. HASSELER:  Yes, I do, your Honor.
18               THE COURT:  All right.  Thank you.
19               The background of this case is as follows:  Plaintiff
20   was born in May of 2001.  She is 5'2" in height and weighs
21   approximately 200 pounds.  She lives in Dexter, New York with
22   her boyfriend.  Plaintiff has a high school diploma.  The
23   evidence is equivocal as to whether she attended regular
24   classes, which is indicated on her function report or special
25   education classes resulting in a special education diploma,

1  which she testified to at page 56.  She tried to attend
2  Jefferson County Community College and did so for a couple
3  weeks, but was unable to continue.  She does not currently drive
4  due to anxiety, but she has a driver's learners permit and hopes
5  to get a license and a car, that she testified to at page 64.
6          Plaintiff suffers from some physical impairments, but
7  they do not appear to be at issue in this case.  Specifically,
8  at page 78 of the Administrative Transcript during the hearing
9  in this matter, she testified that she is physically healthy.
10         Mentally, she suffers from major depressive disorder,
11 anxiety disorder, obsessive compulsive disorder, personality
12 disorder, posttraumatic stress disorder or PTSD, also, alcohol
13 use disorder, and marijuana use disorder.  She testified that
14 she's a daily user of marijuana.  All or some of her problems
15 appear to stem from physical abuse that she suffered at the
16 hands of her father who was an alcoholic.  She testified that
17 she experiences frequent panic attacks, anxiety.  There's some
18 history of suicidal ideation and there is an indication that
19 there may have been a suicide attempt back in 2013 and/or 2014.
20         In terms of work, plaintiff has done volunteer and
21 part-time work at the Dexter Free Library where her boyfriend's
22 mother is the director, that's Kimberly Weston, who gave a
23 statement in this case.
24         Activities of daily living for the plaintiff include
25 the ability to prepare meals.  She does chores, including

1  cleaning, laundry.  She goes grocery shopping, takes walks,
2  watches television, plays video games.  She is or has been in a
3  softball league.  She played softball in high school and at
4  least as of August 20th, that's at page 737 of the
5  Administrative Transcript, was on a softball team.
6          She has also taken a trip to New York City to go to a
7  New York Yankees game and stayed overnight, a trip to Florida
8  where she flew and stayed for some period of time in December of
9  2022.  She has helped her grandmother raise her brother in 2017
10 and 2020.  She testified she has two close friends and she helps
11 in the kitchen of the local American Legion one to two times per
12 week.
13         Procedurally, plaintiff applied for Title XVI
14 benefits on August 25, 2021.  At page 223, she alleged
15 disability based on major depressive disorder, OCD, borderline
16 personality disorder, separation anxiety, and social anxiety.
17         A hearing was conducted on March 9, 2022, by
18 Administrative Law Judge Jennifer Gale Smith to address
19 plaintiff's application.  Judge Smith issued an adverse
20 determination on April 5, 2023.  That became a final
21 determination of the agency on February 28, 2024, when the
22 Social Security Administration Appeals Council denied
23 plaintiff's application for review.  This action was commenced
24 on March 8, 2024, and is timely.
25         In her decision, ALJ Smith applied the familiar

1  five-step test for determining disability.  She found at step
2  one plaintiff had not engaged in substantial gainful activity
3  since the date of filing of her application.  She did note that
4  the plaintiff had some work experience part-time at the library.
5           At step two, she concluded that plaintiff does suffer
6  from severe impairments that impose more than minimal
7  limitations on her ability to perform basic work functions,
8  including major depressive disorder, generalized anxiety
9  disorder, obsessive compulsive disorder, personality disorder,
10 cannabis use disorder, alcohol use disorder, and PTSD.
11          At step three, she concluded that plaintiff's
12 conditions do not meet or medically equal any of the listed
13 presumptively disabling conditions set forth in the
14 Commissioner's regulations, specifically considering listings
15 12.04, 12.06, and 12.15.  After reviewing the available evidence
16 in the record, the Administrative Law Judge next concluded that,
17 notwithstanding her impairments, plaintiff retains the residual
18 functional capacity, or RFC, to perform a full range of work at
19 all exertional levels with the following nonexertional
20 limitations:  Claimant can understand, remember, and carry out
21 simple instructions; claimant can use judgment to make simple
22 work-related decisions; claimant should work in a job with
23 occasional changes in the routine work setting; claimant cannot
24 perform work requiring a specific production rate, such as an
25 assembly line or perform work which requires hourly quotas; and

1   claimant should have occasional contact with coworkers and
2   supervisors, and no contact with the public.
3           Applying that RFC at step four, the ALJ noted that
4   plaintiff did not have any past relevant work experience and
5   therefore proceeded at step five where, with the assistance of a
6   vocational expert's testimony, the Administrative Law Judge
7   determined that plaintiff can perform available work in the
8   national economy, citing as representative positions those of
9   packager-hand cleaner-industrial marker, and routing clerk.
10          As you know, the task of the Court in this case is
11  limited to determining whether correct legal principles were
12  applied and the resulting determination is supported by
13  substantial evidence.  The Second Circuit has, on many
14  occasions, noted the deferential nature of this standard,
15  including in *Brault v. Social Security Administration*
16  *Commissioner*, 683 F.3d 443 from the Second Circuit, 2012, and
17  more recently in *Schillo v. Kijakazi*, 31 F.4d 64 from the Second
18  Circuit, 2022.
19          In this case, the plaintiff has raised three
20  arguments.  First, claiming that the residual functional
21  capacity finding is not supported by substantial evidence, the
22  primary focus being on plaintiff's alleged inability to meet the
23  on task and attendance requirements of full-time competitive
24  employment.  Secondly, she challenges the evaluation of medical
25  opinions in the record.  And thirdly, she questions the

Administrative Law Judge's evaluation of plaintiff's complaints concerning symptomology.

Two things to be noted at the outset, the relevant period in this case is August 25, 2021, to April 5, 2023, and, of course, it is plaintiff's burden to establish not only medically determinable impairments, but limitations associated with those that prevent her from performing basic work activity and full-time competitive employment.

Turning first to the argument regarding RFC, claimant's RFC represents a finding of the range of tasks the plaintiff is capable of performing notwithstanding the impairments at issue.  Ordinarily, that represents a claimant's maximum ability to perform sustained work activities in an ordinary setting on a regular and continuing basis, meaning eight hours a day for five days a week or an equivalent schedule, *Tankisi v. Commissioner of Social Security*, 521 F. App'x 29, Second Circuit, 2013.

The RFC is typically informed by all of the evidence of record, including medical records, medical opinions, and other evidence.  When assessing the RFC, an ALJ must include a narrative discussion describing how the evidence supports the ALJ's conclusions, citing medical and nonmedical evidence and facts.

The RFC in this case, which I read, is based on the evidence of record.  And, significantly, one of the items is

1   ability to interact, as well as the on task and ability to meet
2   the attendance requirements.  I'll note that when we're talking
3   about plaintiff's inability to perform in the library where she
4   volunteered and, also, later had some part-time employment, it
5   appears that the anxiety that she experienced at the library was
6   triggered wholly or in part by her interaction with the public.
7   The RFC in this case is more restrictive and would not allow her
8   to perform in that position because it calls for no public
9   contact.
10              When you look to the evidence in this case, the RFC
11  is well supported.  It is supported by the prior administrative
12  medical findings of Dr. Juriga and Dr. Bhutwala, who found that
13  plaintiff did not suffer from a severe mental impairment and,
14  when evaluating the so-called B criteria, determined that
15  plaintiff had no limitation on the ability to remember or apply
16  information, a mild limitation on the ability to interact with
17  others, a mild limitation on the ability to concentrate,
18  persist, or maintain pace, and no limitation in the ability to
19  manage oneself.  It is also supported by the medical records.
20              The medical source statement of a treating source,
21  Nurse Practitioner Patricia Desjarlais, from March 8, 2023,
22  indicates only mild limitation on the ability to make judgments
23  on simple work-related decisions, no limitations in
24  understanding and remembering simple instructions and carrying
25  out simple instructions, and only mild limitation on the ability

1    to interact with the public, and does not assess the ability to
2    interact with supervisors or coworkers, so it is not
3    inconsistent with the RFC.
4           The social worker, Brieanna Lewis, has indicated that
5    plaintiff's mental status is generally unremarkable.  Social
6    worker Pam Brower, another treating source, indicates that
7    plaintiff socializes well.  The activities of daily living from
8    the evidence of the record also supports the RFC.  It shows that
9    plaintiff can groom, cook, do chores, grocery shop, socialize,
10   including in the softball setting, her New York City trip that I
11   mentioned, her Florida trip that I mentioned.  She has two close
12   friends with whom she socializes.  She helped raise her brother.
13   She attends regularly the American Legion and helps in the
14   kitchen.
15          I acknowledge the letter from the director of the
16   Dexter Public Library, her boyfriend's mother, Kimberly Weston.
17   It's page 300 and it's a to-whom-it-may-concern.  It shows that
18   plaintiff struggles with anxiety and days when she would come in
19   and cry because she was so anxious, and seven times she could
20   not work her full shift because of her high anxiety level.  And
21   pertinently, it indicates Megan had to be encouraged to help
22   patrons checking out books because she was not comfortable
23   speaking to them.  And as I indicated before, the RFC in this
24   case alleviates that potential trigger by requiring no contact
25   with the public, so I believe the RFC is adequately supported by

substantial evidence and I do not find that a reasonable factfinder would have to conclude otherwise.

Turning to the evaluation of medical opinions, the new regulations which control in this case and took effect for applications filed after March 27, 2017, are specific. They do not defer or give any specific evidentiary weight, including controlling weight, to medical opinions, but instead require consideration of several factors, including, significantly, supportability and consistency, 20 C.F.R. Section 416.920c(a). An ALJ must articulate in his or her determination as to how persuasive each of the medical opinions is found and explain why, and specifically focusing on supportability and consistency of those opinions. And I should say, although I don't think it comes into play here, to the extent that there are any conflicts in medical opinions, it is for the Administrative Law Judge to resolve those conflicts, *Veino v. Barnhart*, 312 F.3d 578, from the Second Circuit, 2002.

In this case, Nurse Practitioner Makenzie Griffin gave somewhat of an opinion, if it can be called that, on August 12, 2021. That's at 947 of the record. Administrative Law Judge Smith analyzed it and found it not to be persuasive at page 24. As I indicated before, it first states that plaintiff meets the definition of disability under the Americans with Disabilities Act, the Fair Housing Act, and the Rehabilitation Act of 1973. It does not speak to the standard for disability

1   under the Social Security Act, and also speaks to a matter which
2   is reserved to the Commissioner of Social Security.  It goes on
3   to say that due to her emotional/mental disability, Megan has
4   certain limitations related to social interaction, et cetera.
5   It does not quantify those limitations and, as such, is
6   unhelpful.  The letter also speaks to and advocates for a
7   support animal and additional living space, but does not speak
8   to work functions and, in my view, does not meet the definition
9   of a medical opinion, which is set forth in 20 C.F.R. Section
10  416.913.
11              There's also, and I spoke to it earlier, the opinion
12  of Nurse Practitioner Patricia Desjarlais.  It appears at 956 to
13  958 of the Administrative Transcript from March 8, 2023, and I
14  indicated what it said.  It was found to be partially
15  persuasive, but the Administrative Law Judge actually found that
16  plaintiff is more limited than what was stated here.  It clearly
17  only speaks to interaction with the public and not with
18  supervisors and coworkers, but the record supports that
19  plaintiff has only mild limitations in those areas as found in
20  the RFC, so that error, in my view, if it was indeed an error,
21  is harmless.
22              Then there are two prior administrative medical
23  findings from Dr. Juriga, November 30, 2021, at 84 to 92, and
24  Dr. Bhutwala from April 12, 2022, at 94 to 104.  The
25  Administrative Law Judge found those partially persuasive, but

1  found that plaintiff was more limited.  The Administrative Law
2  Judge could have done a slightly better job at explaining her
3  view of the supportability and consistency, but based on a
4  searching review of the record, I don't find any error and
5  believe that the correct standard was applied, *Camille v.*
6  *Colvin*, 652 F. App'x 25 from the Second Circuit, 2016.
7           I note that prior administrative medical findings
8  like those in this case can provide substantial evidence if they
9  are supported by the record, *Valdes-Osacio v. Kijakazi*, 2023 WL
10 3573761, from the Northern District of New York, May 22, 2023.
11          There's, I suppose, an argument to be made that
12 perhaps these are somewhat stale, the last one coming from
13 April 12, 2022.  However, as the Second Circuit indicated at
14 footnote four in the *Camille* case, which I cited a moment ago,
15 unless there is evidence of significant deterioration, which I
16 didn't find in this case, they can supply substantial evidence.
17          The last statement is from Kimberly Weston, undated,
18 at page 300.  We just discussed it.  The Administrative Law
19 Judge determined at page 24 it is not persuasive and the
20 reasoning was explained.  I find no error.  This was someone who
21 was related to plaintiff's boyfriend, it is not a medical
22 opinion, it is based primarily on plaintiff's subjective
23 statements.  Ms. Weston has no medical training and it's really
24 not very illuminating concerning plaintiff's work limitations.
25          The third argument raised has to do with the

1  evaluation of plaintiff's symptoms.  And under Social Security
2  Ruling 16-3p, when assessing alleged symptoms, the
3  Administrative Law Judge must take into consideration certain
4  objective evidence and record evidence and evaluate the
5  intensity, persistence, and limiting effects of the symptomology
6  by considering various relevant factors.  The Administrative Law
7  Judge in this case went through and cited evidence that she
8  relied upon.  She summarized what her analysis was at page 22 to
9  24.  And an Administrative Law Judge's assessment of plaintiff's
10 individual subjective complaints is entitled to considerable
11 deference, *Aponte v. Secretary Department of Health and Human*
12 *Services of U.S.*, 728 F.2d 588, Second Circuit 1984, and *Shari*
13 *L. v. Kijakazi*, 2022 WL 561563 from the Northern District of New
14 York, February 24, 2022.
15         And what the ALJ relied on were medical records,
16 prior administrative medical findings, Nurse Desjarlais's
17 medical source statement, her part-time work at the public
18 library.  And as an aside, I have to say I went through
19 carefully plaintiff's medical records, including specifically at
20 6F, 9F, 10F, and 13F, and while there are certainly a few
21 isolated indications of bad days and so forth, a majority of
22 those show very little mental health symptoms.  Page 758 from
23 June 8, 2021, anxiety bad, but plaintiff gets to softball
24 parties and had a friend over.  Page 759 from June 29, 2021, up
25 and down, busy with friends and softball.  At page 840 from

1  February 10, 2022, better week, less symptoms, volunteers two
2  times per week, spending time with friends, attending high
3  school basketball games.  December 21, 2022, 927/928, enjoyed
4  trip to Florida and flight.
5          So the vast majority of the medical entries are
6  supportive of the Administrative Law Judge's determination, so I
7  find that the residual functional capacity is supported by
8  substantial evidence, as is the evaluation of reported symptoms,
9  medical opinions were properly evaluated, and the resulting
10 determination in this case is therefore supported by substantial
11 evidence and results from a proper legal analysis, so I will
12 grant judgment on the pleadings to the defendant and order
13 dismissal of plaintiff's complaint.
14         Thank you, both.  I hope you have a good afternoon.
15 Go out and enjoy this beautiful weather.
16         MR. HASSELER:  Thank you, your Honor.
17         MR. NORWOOD:  Thank you.
18         (Time noted:  2:47 p.m.)

```
 1
 2
 3                 CERTIFICATE OF OFFICIAL REPORTER
 4
 5
 6              I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 7   NYRCR, Official U.S. Court Reporter, in and for the United
 8   States District Court for the Northern District of New York, DO
 9   HEREBY CERTIFY that pursuant to Section 753, Title 28, United
10   States Code, that the foregoing is a true and correct transcript
11   of the stenographically reported proceedings held in the
12   above-entitled matter and that the transcript page format is in
13   conformance with the regulations of the Judicial Conference of
14   the United States.
15
16              Dated this 29th day of April, 2025.
17
18              s/ Hannah F. Cavanaugh_____
19              HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
20              Official U.S. Court Reporter
21
22
23
24
25
```